UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

ALLEN M. BINNS,

        Plaintiff,

  v.                                                         Case No. 17-C-1784

RUSS DARROW CHRYSLER LLC,
 d/b/a *Russ Darrow Used Car Superstore*,

        Defendant.

**DECISION AND ORDER GRANTING MOTION TO STRIKE JURY DEMAND**

Plaintiff Allen Binns sued his former employer, Defendant Russ Darrow Chrysler, LLC, for racial discrimination, harassment, retaliation, and constructive discharge, in violation of 42 U.S.C. §§ 2000e-2, 2000e-3, and 1981. Binns included in his complaint a demand for a jury trial. The case is before the court on the Russ Darrow's motion to strike the jury demand on the ground that Binns signed a written jury waiver agreeing to waive his right to a trial by jury in any legal dispute with Russ Darrow as a condition of his employment in the event he was hired. For the reasons that follow, Russ Darrow's motion will be granted and the jury demand struck.

**I. BACKGROUND**

In mid-September 2013, Binns applied for a job with Russ Darrow at its car dealership in Green Bay, Wisconsin. Binns completed a written employment application which included a series of waivers. ECF No. 14-1 at 5. Among the waivers was a jury trial waiver, which states:

> **IMPORTANT. READ CAREFULLY BEFORE SIGNING. WAIVER TO RIGHT TO JURY TRIAL.**
>
> If applicant is hired, Russ Darrow and Applicant agree, to the extent permitted by law, to waive a trial by jury in any action, proceeding or counterclaim brought or asserted by either Russ Darrow or applicant on any matter whatsoever arising out of or related to Applicant's employment with Russ Darrow or Applicant's acceptance of this agreement.

*Id*. Binns signed this waiver on September 18, 2013.

Binns did not discuss the waivers with anyone at Russ Darrow at the time he submitted his application in September 2013. *Id*. at 4. No representative of Russ Darrow advised him to consult an attorney, nor did Binns attempt to do so. *Id*. at 5. A week after he submitted his application, Russ Darrow called him for an interview. The various waivers were not discussed during the interview.

After he interviewed, Binns was offered a job with Russ Darrow. He began his employment with Russ Darrow in early October 2013. At that time, he signed additional contracts with Russ Darrow, including a non-disclosure agreement and a non-solicitation agreement. The office manager sat down with Binns to discuss both of those documents. Binns worked for Russ Darrow until mid-November 2014. *Id*. at 2.

## II. ANALYSIS

**A. Governing Law**

The threshold issue to address is what law governs the determination of whether the jury waiver provision is valid. Binns argues that Wisconsin law applies because the waiver originated in Wisconsin, was drafted by a Wisconsin corporation, and was signed by a resident seeking employment in Wisconsin. ECF No. 16 at 4. Russ Darrow argues that the determination of whether a party has waived its right to a jury is governed by federal law.

2

*IFC Credit Corp. v. United Bus. & Indus. Fed. Credit Union* provides the answer to that question. 512 F.3d 989 (7th Cir. 2008). The court noted in that case that there was no general federal law of contract. *Id.* at 991–92. It therefore follows that where the choice is between federal law and the law of the forum state, the forum state law governs. *Id.* at 992 ("if 'federal law' did control, the best it could do would be to use state law as the rule of decision"). In this case, this means Wisconsin law governs.

**B. Contract Formation**

Binns first argues that the jury waiver is unenforceable because no contract was ever formed between the parties as to that issue. Under Wisconsin law, the burden of proving the existence of a contract is on the person asserting it, in this case Russ Darrow. *Household Utilities, Inc. v. Andrews Co., Inc.*, 71 Wis. 2d 17, 28 236 N.W.2d 663 (1976). Binns argues that no contract was ever formed because Russ Darrow never signed the waiver and gave no consideration. Neither argument is convincing.

Under Wisconsin law, "[a] written agreement may be effective even if both parties have not signed it if the parties otherwise demonstrate their intent to have a contract." *Zerge Distrib. Co., Inc. v. All Kitchens, Inc.*, 63 F.3d 609, 612 (7th Cir. 1995); *Chudnow Const. Corp. v. Commercial Disc. Corp.*, 48 Wis. 2d 653, 657, 180 N.W.2d 697 (1970). Here, it is clear from the face of the application for employment that any offer of employment by Russ Darrow would be conditioned upon Binns waiving his right to a jury trial to resolve any dispute that might arise out of the employment. Binns indicated his acceptance of Russ Darrow's offer by signing the waiver, and the employment he was given thereafter served as consideration. This follows from the rule that "an employer's requirement that an at-will employee sign a restrictive covenant as part of the hiring

3

contract constitutes lawful consideration." *Runzheimer Intern., Ltd. v. Friedlen*, 2015 WI 45, ¶ 21, 362 Wis. 2d 100, 862 N.W.2d 879 (citing *Wis. Ice & Coal Co. v. Lueth*, 213 Wis. 42, 43, 250 N.W. 819 (1933). If employment can serve as sufficient consideration for a restrictive covenant, there is no reason to conclude it cannot also serve as consideration for a jury waiver. It thus follows that upon Binns' acceptance of Russ Darrow's offer of employment, an enforceable contract, including the jury waiver condition, came into existence.

**C. Enforceability**

Binns next argues that even if a valid contract was formed, it is unenforceable because it is illusory and/or unconscionable. Again, neither argument is persuasive.

Under Wisconsin law, an illusory contract is a one that is "conditional on some fact or event that is wholly under the promisor's control and his bringing it about is left wholly to his own will and discretion." *Nodolf v. Nelson*, 103 Wis. 2d 656, 660, 309 N.W.2d 397 (Wis. Ct. App. 1981) (quoting 1 CORBIN ON CONTRACTS § 149, at 656–59 (2d ed. 1963)). Binns argues that the contract formed by the jury waiver he signed was illusory and therefore unenforceable because it could only come into effect if Russ Darrow decided to hire him.

Binns' argument that the contract is illusory makes little sense. The jury waiver was a term or condition of the employment Russ Darrow offered him. It became binding only if Russ Darrow offered Binns employment *and* Binns accepted the offer. Thus, it was not dependent wholly upon the decision of Russ Darrow. Binns had to accept Russ Darrow's offer of employment. Binns could have refused employment with Russ Darrow and thereby avoided the jury waiver. The fact that Russ Darrow did not have to offer him employment does not make the contract illusory. If it did, every contract would be illusory.

4

Binns' argument that the contract is unconscionable is likewise unpersuasive. Under Wisconsin law, "[f]or a contract or a contract provision to be declared invalid as unconscionable, the contract or contract provision must be determined to be both procedurally and substantively unconscionable." *Wis. Auto Title Loans, Inc. v. Jones*, 2006 WI 63, ¶ 29, 290 Wis. 2d 514, 714 N.W.2d 155; *Pietroske, Inc. v. Globalcom, Inc.*, 2004 WI App 142, ¶ 1, 275 Wis. 2d 444, 685 N.W.2d 884. Because Binns is challenging the validity of the jury trial waiver, he has the burden of proving the waiver is invalid. *Wis. Auto Title Loans*, 2006 WI 53, at ¶ 30.

"Procedural unconscionability requires consideration of the factors bearing on a meeting of the minds, while substantive unconscionability 'pertains to the reasonableness of the contract terms themselves.'" *Deminsky v. Arlington Plastics Machinery*, 2003 WI 15, ¶ 27, 259 Wis. 2d 587, 657 N.W. 2d 411. The factors to be considered in deciding whether procedural unconscionability is present "include, but are not limited to, age, education, intelligence, business acumen and experience, relative bargaining power, who drafted the contract, whether the terms were explained to the weaker party, whether alterations in the printed terms would have been permitted by the drafting party, and whether there were alternative providers of the subject matter of the contract." *Wis. Auto Title Loans, Inc.*, 2006 WI 53, at ¶ 34. "Substantive unconscionability addresses the fairness and reasonableness of the contract provision subject to challenge." *Id.* at ¶ 35. The evidence here shows neither procedural nor substantive unconscionability.

At the time he signed the waiver, Binns was 52 years old, a high school graduate, and according to his employment application, had completed two years studying marketing at a vocational school. He had previous experience as a new and used car salesperson and service advisor, and was currently employed at another area dealership where he had a starting salary of

5

$60,000. He was provided the opportunity to read and fill out the employment application on his own and turn it in when he completed it. Binns signed the jury waiver and each of the other provisions setting forth similar conditions of employment with Russ Darrow, each preceded by the same type of notation indicating the provision was important and should be read carefully.

This evidence is wholly insufficient to show procedural unconscionability. Unlike standard consumer contracts that are often lengthy and in small print, the provision Binns challenges was part of an application he filled out and necessarily read in order to answer the questions. The jury waiver is in clear understandable language. Finally, Russ Darrow was looking for a car salesman; there is no evidence Binns was desperate for a job. According to his application, he had one at another dealership. From all appearances, Binns was free to take or leave Russ Darrow's offer of employment. There is nothing to suggest the absence of a meeting of the minds.

The evidence also fails to establish substantive unconscionability. Waiving a jury trial is not the same as giving up or even limiting the remedies one might otherwise pursue. The purpose of the provision is presumably to reduce the expense of any litigation that might arise and perhaps make the outcome more predictable. Regardless of whether such goals would be achieved by the waiver, there is nothing unfair or unreasonable in Russ Darrow's desire to obtain them.

Additionally, the jury waiver is relatively narrow compared to many forum-selection clauses. It does not require Binns to try the case in a different venue or in arbitration, but only alters who the fact-finder is. *See, e.g., Pietroske*, 2004 WI App 142, at ¶ 7 (finding no substantive unconscionability in a forum selection clause requiring the Wisconsin plaintiff to adjudicate his claims in Cook County, Illinois); *Cottonwood Fin., Ltd. v. Estes*, 2012 WI App 12, ¶ 16, 339 Wis. 2d 472, 810 N.W.2d 852 (rejecting argument that an arbitration clause was substantively unconscionable,

noting it did not eliminate any of plaintiff's claims, but "merely shift[ed] the proceedings to a less formal, less expensive, and more expedient form"). In sum, Binns has failed to prove any procedural or substantive unconscionability. The contract is therefore enforceable.

**D. Knowing and Voluntary**

Binns also argues that Russ Darrow must show that he "knowingly and voluntarily" signed the jury trial waiver. However, both the Wisconsin Supreme Court and the Seventh Circuit have rejected this standard for determining whether a party waived his right to a jury trial in a civil case. *See Parsons v. Associated Banc-Corp*, 2017 WI 37, ¶ 37, 374 Wis. 2d 513, 893 N.W.2d 212; *IFC Credit*, 512 F.3d at 994. In *Parsons*, the Wisconsin Supreme Court upheld a contractual pre-litigation jury trial waiver, explicitly rejecting the plaintiffs' argument that enforcement of such a waiver required a separate showing that it was knowing and voluntary. *Id*. at ¶¶ 32, 35 (noting that "the action a party must take to waive his or her Article I, section 5 right to a jury trial pursuant to statute is quite minimal," and that "a party's 'waiver' of the Article I, Section 5 right of trial by jury need not be a 'waiver' in the strictest sense of that word, that is, an 'intentional relinquishment of a known right'") (internal quotations omitted); *see also IFC Credit*, 512 F.3d at 993 ("If accidental forfeitures can blot out any right to a jury trial—for no one argues that Rule 38 is unconstitutional—then there is no federal rule that bench-trial agreements must be attended by extra negotiation or depend on evidence of voluntariness beyond what is required to make the rest of the contract legally effective."). Where the contract terms are clear and unambiguous, a contract should be construed according to its literal terms. *Parsons*, 2017 WI 37, at ¶ 36. Here, Binns contractually waived his right to have a jury resolve his dispute with Russ Darrow, and no separate showing that it was "knowing and voluntary" is required.

7

### III. Conclusion

For the reasons expressed above, Defendant's motion to strike the jury demand (ECF No. 14) is **GRANTED** and Plaintiff's jury demand shall be stricken.

Dated this   20th   day of August, 2018.

                                          s/ William C. Griesbach
                                          William C. Griesbach, Chief Judge
                                          United States District Court